IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANASSEH PHILIP, | ) | |
| ID # 26899298, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:16-CV-2977-L-BH |
| | ) | |
| JASON PARK, Captain, Theo Lacy Facility, | ) | |
| NFN QUACH, ICE Supervisor, | ) | |
|     Respondents. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for habeas corpus relief should be **DISMISSED** for lack of jurisdiction.

**I. BACKGROUND**

Manasseh Philip (Petitioner) is in the custody of the Immigration and Customs Enforcement awaiting his deportation in the Theo Lacy Detention Facility in Orange, California. (*See* doc. 3 at 8, 16.)[1] He challenges his custody and pending deportation under 28 U.S.C. § 2241 on grounds that he was illegally deported in 1999 based on a false state conviction (cause no. F-88-81768), and deportation laws were applied retroactively. (*See* doc. 3 at 14.) He claims he is innocent of the state conviction for aggravated sexual assault and asks that the injustice be stopped. (*See id*. at 16.)

On April 22, 1998, Petitioner filed a § 2241 petition challenging his then pending deportation; it was denied on the merits on April 30, 1998. *See Philip v. District Director*, 3:98-CV-987-P (N.D. Tex. April 30, 1998). He attempted to reopen that § 2241 case in 2002 based on changes to the immigration laws, his attempt to reopen was denied, and the denial was affirmed on

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

direct appeal. *See Philip v. Estrada*, No. 02-11046 (5th Cir. May 16, 2003).

On March 7, 2012, Petitioner filed a § 2241 petition challenging his pretrial custody in a federal criminal case, *United States v. Philip*, No. 3:11-CR-361-L (N.D. Tex.), in which he was charged with illegal reentry after removal from the United States. *Philip v. Cruz*, No. 3:12-CV-698-L (N.D. Tex. April 24, 2012). The petition also challenged his 1999 deportation and his future deportation. (*Id.*) The challenge to the 1999 deportation was dismissed because the court lacked jurisdiction to reconsider claims foreclosed by the Fifth Circuit's decision in *Philip v. Estrada*, No. 02-11046, affirming the denial of his previous § 2241 petition challenging that deportation. His challenge to future deportation was also dismissed for lack of subject matter jurisdiction.

Subsequently, Petitioner pled guilty and was convicted of illegal reentry in that pending criminal case. *United States v. Philip*, No. 3:11-CR-361-L (N.D. Tex.). On July 21, 2014, he filed a 28 U.S.C. § 2255 motion challenging his federal conviction for illegal reentry, which was denied on June 29, 2016. *See Philip v. United States*, No. 3:14-CV-2623-L (N.D. Tex. June 29, 2016). His appeal of that denial is pending. *See Philip v. United States*, No. 16-11081 (5th Cir.).

On April 11, 2016, he filed a 28 U.S.C. § 2254 petition challenging his state aggravated sexual assault conviction, and that petition is pending. *See Philip v. Davis*, No. 3:16-CV-985-D (N.D. Tex.).

On March 23, 2016, Petitioner filed a § 2241 petition challenging his custody pending deportation, and he sought a stay of deportation. *Philip v. Tews*, No. 16-01987 (C.D. Cal. April 29, 2016). That petition was dismissed because the district court lacked jurisdiction to review a deportation or removal order.

On April 15, 2016, Petitioner again filed a § 2241 habeas petition concerning his current

custody pending deportation. *See Philip v. Tews*, No. CV 16-02613 (C.D. Cal. April 22, 2016). His petition challenged the legality of the aggravated sexual assault conviction. (*See id.*) The petition was dismissed for lack of subject matter jurisdiction because he could not collaterally attack the state conviction as a basis for a § 2241 challenge to his deportation. (*See id.*)

On October 26, 2016, he filed this case again challenging his custody and pending deportation in this habeas action under 28 U.S.C. § 2241.

## II. ANALYSIS

A § 2241 petition must be filed in the district in which the petitioner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Because Petitioner is not incarcerated within the Northern District of Texas, his petition should be dismissed for lack of jurisdiction. *United States v. Johnson*, 463 F. App'x 287 (5th Cir. 2012) (citing *Pack v. Yusuff*, 218 F.3d at 451). Jurisdiction over his claims regarding his 1999 deportation and his pending deportation is also lacking because a district courts may not review deportation orders. *See Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) (district court lacks jurisdiction to review deportation order). The petition should not be transferred to the United States District Court for the Central District of California, where Petitioner is in custody,[2] because that court has dismissed his previous § 2241 petitions challenging his current custody with these same claims.

To the extent the petition seeks to challenge his 2012 federal conviction for illegal re-entry, it should not be construed as a § 2255 motion, because his previous § 2255 challenge to that conviction was denied and he has not shown the Fifth Circuit has authorized a successive § 2255 motion under 28 U.S.C. § 2244(b)(3)(C).

---

[2] The city of Orange, where the detention facility is located, lies within the Central District of California. *See* 28 U.S.C. § 84(c)

To the extent the petition seeks to challenge his state conviction for aggravated sexual assault, it should not be construed as a § 2254 petition because he already has a § 2254 petition challenging that conviction currently pending in No. 3:16-CV-985-D.

### III. RECOMMENDATION

Petitioner's habeas corpus petition under 28 U.S.C. § 2241 should be **DISMISSED** for lack of jurisdiction.

**SO RECOMMENDED this 31st day of October, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE